## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Action Number:

ALEXANDER JOHNSON

     Plaintiff,

vs.

AT&T Corp., a New Jersey corporation
d/b/a/ AT&T

     Defendant

---

## COMPLAINT

---

Plaintiff, ALEXANDER JOHNSON, by and through his undersigned counsel, hereby files this Complaint and sues AT&T Corp., a New Jersey corporation authorized to transact business in Florida as a foreign corporation by the State of Florida, Division of Corporations whom is doing business as AT&T, for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §§12181-12189 of the AMERICANS WITH DISABILITIES ACT ("ADA") and compensatory and punitive damages pursuant to Florida's service animal statute §413.08 and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

3.      The remedies provided by Florida's service animal statute §413.08 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4.      ALEXANDER JOHNSON (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA.  The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss, and has required the use and accompaniment of a service dog as defined by 28 C.F.R. §36.104.

5.      Plaintiff's service animal is trained to perform tasks for the Plaintiff by assisting Plaintiff in all aspects of his hearing disability.  Such tasks include, but are not limited to, alerting Plaintiff to the presence of other people and emergency sounds, retrieving items the Plaintiff has dropped that Plaintiff did not hear falling (ie: keys, wallet), and providing evasive protection from physical threats that Plaintiff would not otherwise detect.  Plaintiff's service animal is well behaved, controlled by verbal and other commands and is collared and leashed.  Plaintiff's service animal is a dog named "Snoopy", and is hereinafter referred to as "Snoopy".

6.      At all times material hereto, the AT&T retail store located at 1920 South University Drive, Davie Florida 33324 has been owned and operated by AT&T Corp., the Defendant to this lawsuit.

7.      Defendant AT&T Corp. is a New Jersey corporation authorized to transact business in the state of Florida. Defendant AT&T Corp. is, among other things, transacting business through retail stores such as AT&T located at 1920 South University Drive in Davie, Florida 33324.   Defendant AT&T Corp. is hereinafter referenced as "Defendant" or "AT&T". Defendant is authorized to conduct and is conducting, business within the State of Florida as a foreign corporation.

8.      On Thursday October 23, 2013 at approximately 1:40 PM, the Plaintiff was accompanied by Snoopy when he personally visited a retail phone and cellular phone store located at 1920 South University Drive, Davie, Florida 33324, known as AT&T, which was (and is) a retail store owned and operated by AT&T which is open to the public (also referenced herein as "AT&T", "retail store" or as "Subject Facility").   The Plaintiff's visit was prior to instituting the instant action.

9.      At the time Plaintiff visited AT&T, he was denied full and equal access to, and full and equal enjoyment of, the facilities at the retail store, which is the subject of this lawsuit.

10.     A female employee and a second female who appeared to be the manager at the retail store demanded the Plaintiff provide identification and paperwork on 'the dog' prior to providing service or allowing entry of the Plaintiff into the Subject Facility.

11.     The employees stated that it was the store policy to require paperwork to be presented to prove that the dog was a service dog.

12.     The Plaintiff was discriminated against and denied service.

13.     This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facility at the Defendant's place of public accommodation,  the retail store, which is the subject of this lawsuit.

14.     The employees at AT&T refused to service Plaintiff because the Plaintiff was accompanied and assisted by his service animal Snoopy.  See, Exhibit "A" for verification from Plaintiff.

15.     The Plaintiff informed the employees at AT&T that he had a hearing disability and that Snoopy was a service dog.  Plaintiff also pointed out his clearly visible hearing aids to demonstrate his hearing disability, yet the Defendant's employees still refused to provide service and reasonably accommodate Plaintiff in Defendant's retail store (a public establishment).

16.      The Defendant's employees demanded to see "the paperwork" for Snoopy and made no effort to provide a reasonable accommodation for the Plaintiff so that he could renew his cellular phone contract and discuss service. The discrimination based on his disability was humiliating and degrading to the Plaintiff.

17.     Plaintiff was denied service, was subject to an interrogation of his papers and purpose, and he was not able to correct the issues in service on his phone by going to the AT&T retail store at 1920 South University Drive, Davie, Florida 33324.  The Plaintiff suffered an injury in fact.

18.     The discrimination by the Defendant was willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of §36.302(c).

19.     As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

20.     Plaintiff has an AT&T cellular phone and continues to desire to return to AT&T location at 1920 South University Drive, Davie, Florida 33324 to discuss upgrades and service issues, but continues to be injured in that he is concerned that, should he attempt to patronize AT&T location at 1920 South University Drive, Davie, Florida 33324, he will again be humiliated and discriminated against due to the fact he is accompanied by his service animal, all in violation of the ADA and State statutes.

21.     Pursuant to 42 U.S.C. §12181(7) and Florida Statute §413.08, the Defendant's retail store is a place of public accommodation in that it is a retail store open to the general public, and is required by 28 CFR §36.302(c) to accommodate service animals.

22.     Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expense incurred in this action.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

23.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 22 above.

24.     The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due

to disabilities for 23 years.  As such, all public accommodations and facilities have had adequate time for compliance.

25.     Plaintiff's hearing impairment limits major life activities including his ability to hear.  Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, et. seq.

26.     By the Defendant's blatant discrimination, by its completely unreasonable failure and refusal to allow Plaintiff and his service animal into its Subject Facility, the Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

      a)     Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 CFR §36.302(c); specifically policies that provide equal access to individual with disabilities including their service animals.

      b)     Excluded the Plaintiff from service of the public accommodation and denied Plaintiff the benefit of these services due to the fact that he was accompanied by his service animal which was assisting him with his disability, in violation of §36.301.

      c)     Harassed and argued with the Plaintiff regarding a non-existent requirement to present (to Defendant) 'paperwork' on Plaintiff's service animal.

      d)     Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of §36.302(c).

27.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require employees and owners of the Subject Facility to assure that the Subject Facility is accessible to, and useable by, individuals with disabilities including their service animals.

28.     The Court is vested with the authority to require the Subject Facility, which serves the public generally, to allow service animals to accompany people with disability(ies) in all areas of the facility wherein the public is normally allowed to go.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant, including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from the Defendant's services. This includes entry of a permanent injunction ordering the Defendant AT&T Corp. d/b/a AT&T:

a)     To cease discrimination against the Plaintiff and other disabled persons who use service animals;

b)     To promulgate and comply with policies and procedures to ensure that the Defendant AT&T Corp. d/b/a AT&T and its staff do not discriminate against individuals who are disabled and use service animals;

c)     Award reasonable costs and attorneys fees; and

d)     Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTE §413.08

29.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 22 above.

30.     Defendant has violated Florida Statute §413.08, which provides that a disabled person is entitled to be accompanied by a service animal in all areas of public accommodation and that the non-disabled public or customers are normally permitted to occupy.

31.     The violation of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant, including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a)     A declaration that the policies and procedures of AT&T Corp. d/b/a AT&T violated Florida Statute §413.08 in that AT&T Corp. failed to consider and accommodate the needs of disabled persons and their service animals to the full extent required by Florida law.

b)     An Order mandating that AT&T Corp. d/b/a AT&T train its employees, including management staff, to comply with all appropriate laws;

c)     An Order mandating that AT&T Corp. d/b/a AT&T evaluate its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities and their service animals within a reasonable time;

d)      An Order mandating that AT&T Corp. d/b/a AT&T expeditiously make all

reasonable and appropriate modifications in their policies, practices, and

procedures toward persons with disabilities and their service animals, and take

all such steps as are reasonable and necessary to ensure that persons with

disabilities are no longer excluded, denied access, segregated or otherwise

discriminated against or treated differently than from the general public;

e)      Award compensatory damages including but not limited to mental

anguish, loss of dignity, and any other intangible injuries;

f)      Award reasonable costs and attorneys fees; and

g)      Award any and all other relief that may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated this November 27, 2013

Respectfully submitted,

By:

Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
565 NE 69th Street
Miami, Florida 33138
Tel: (786) 431-1333
Fax: (786) 431-1311
inbox@dininlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Civil Action Number:

ALEXANDER JOHNSON

       Plaintiff,

vs.

AT&T Corp.,
A New Jersey corporation
d/b/a/ ATT Store

       Defendant

---

## VERIFICATION OF COMPLAINT

---

Plaintiff, ALEXANDER JOHNSON, declare under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct to the best of my belief, recollection and knowledge.

Date: *11-26-13*

                                          Alexander Johnson

## EXHIBIT "A"